UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANCIS T. DEUTSCH,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. 14-cv-231-JPG<br><br>Crim Case No. 10-cr-40048-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Francis T. Deutsch's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).   On June 9, 2011, the petitioner pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343.   The Court sentenced the petitioner to serve 41 months in prison and 3 years of supervised release and to pay a special assessment of $100 and restitution in the amount of $777,254.   The Court also entered an order of forfeiture for $600,000 in cash.   The petitioner did not appeal his conviction.

In December 2012, Deutsch filed a § 2255 motion which resulted in vacatur of the judgment and resentencing.  *See Deutsch v. United States*, 12-cv-1293-JPG.   On July 31, 2013, the Court imposed a sentence of 20 months in prison and the same terms of supervised release, fine and restitution as in his original sentencing.   The Government also agreed to vacatur of the order of forfeiture and agreed not to seek further forfeiture to satisfy Deutsch's monetary obligations. Again, Deutsch did not appeal.

**I.      Jurisdiction**

Before considering the merits of Deutsch's § 2255 motion, the Court must consider two jurisdictional issues:   whether the pending § 2255 motion is a "second or successive" motion and whether Deutsch is "in custody."

      A.      <u>Second or Successive § 2255 Motion</u>

In his pending § 2255 motion, filed February 19, 2014, Deutsch raises sentencing errors that he alleges occurred in his original sentencing and were not corrected at his resentencing. He also raises other new errors at his resentencing  Generally, in order for this Court to consider a second § § 2255 motion, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h). *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). It appearing the pending § 2255 motion might be successive, on September 16, 2014, the Court ordered Deutsch to show cause why the Court should not dismiss his § 2255 motion as an unauthorized successive petition (Doc. 4). Deutsch responded to the order to show cause (Doc. 5), and the Government replied to Deutsch's response (Doc. 14). The Court now turns to the threshold jurisdictional question of whether the pending § 2255 is successive. The Court believes it is not.

Deutsch's prior § 2255 motion in Case No. 12-cv-1293-JPG raised three grounds for relief: (1) the Government fraudulently induced him to plead guilty; (2) he was subjected to double jeopardy because he was given additional punishment for the same crime; and (3) counsel was ineffective for failing to object to the Government's misrepresentations and to the sentencing guidelines calculation, and for failing to raise certain arguments at sentencing. The Court dismissed Grounds 1 and 2 as procedurally defaulted and ordered the Government to respond to Ground 3. In its response, the Government essentially conceded part of Ground 3 was a legitimate basis for § 2255 relief:  the Government had told Deutsch at his plea that it would move for a downward departure at sentencing because of his cooperation, but it did not so move, and defense counsel did not raise the issue to the Court at sentencing. The Court vacated Deutsch's 41-month sentence and entered an amended judgment resentencing Deutsch to a 20-month

sentence. In doing so, it did not revisit its guidelines findings from the original sentencing but only granted the Government's motion for a downward departure. At the Government's request, the Court also vacated the forfeiture order for $600,000 in cash, and the Government promised not to pursue additional forfeitures. The Court did not ever address or decide the merits of other portions of Ground 3 of Deutsch's first § 2255 motion, including Deutsch's contention that his counsel was ineffective at the original sentencing with respect to his arguments regarding the sentencing guideline loss calculation.

In his current § 2255 motion, Deutsch again raises the argument that counsel was constitutionally ineffective at his original sentencing and at his resentencing with respect to loss amount arguments, although with some different theories than his first § 2255 motion about why counsel's performance was deficient. He also argues the Government committed prosecutorial misconduct at the resentencing by arguing positions it knew were baseless because it had learned new information between the original sentencing and the resentencing.

Although § 2255(h) bars second or successive § 2255 motions without permission from the Court of Appeals, not all "later in time" petitions are considered "second or successive" for collateral relief purposes. *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007) (§ 2254 petition context). For example, in *Magwood v. Patterson*, 561 U.S. 320 (2010) (§ 2254 petition context), a defendant challenged in a habeas petition[1] the imposition of a death sentence following a murder conviction. *Id.* at 324-26. The petition was granted, and the defendant was resentenced again to death. *Id.* at 326. He then filed a second habeas petition raising a challenge to his new death sentence that he could have raised, but did not, in his original petition challenging his original

---

[1]  Although *Magwood* addressed second or successive § 2254 petitions, the second or successive petition bar in § 2255 is similar, and courts apply the analysis and reasoning from § 2254 cases to § 2255 cases. *Suggs v. United States*, 705 F.3d 279, 283 n. 1 (7th Cir.), *cert. denied*, 133 S. Ct. 2339 (2013).

3

death sentence.  *Id.* at 327-28.  The Supreme Court found that the second petition was not "second or successive" so as to bar it without advance permission because it challenged a new judgment.  *Id.* at 331.  It held that, when a habeas petition challenges for the first time a new judgment entered after a resentencing, it is not a second or successive petition that triggers the need for advance authorization.  *Id.*  This is true even when the alleged error in the new sentencing also occurred in connection with the original sentencing but is raised for the first time in the later petition attacking the new judgment.  *Id.* at 339 ("An error made a second time is still a new error.").[2]

Deutsch's § 2255 motion falls squarely under the *Magwood* holding.  His original § 2255 challenge resulted in a resentencing, and his current § 2255 challenge alleges only errors in his new sentence.  None of these errors was resolved on the merits by the Court in Deutsch's original § 2255 motion.  And even though some of the alleged instances of ineffective assistance of counsel occurred during the original sentencing proceedings, they were essentially repeated at the resentencing when the Court stuck by its prior guideline findings and corrected only the Government's failure to move for a downward departure.  Under *Magwood*, the alleged errors would be "new errors" – albeit repeated – that contributed to the new sentence.  Thus, Deutsch's pending § 2255 motion is not a second or successive petition, he does not need the Court of Appeals' permission to file it, and the Court has jurisdiction to hear the motion.

---

[2]   *Magwood* decided this question in the context of a "later in time" challenge to a reimposed sentence that complained only of errors in the resentencing.  It expressly declined to address whether the same rule would hold true where the later challenge is to an underlying conviction that was not disturbed by the first challenge.  *Id.* at 342.  The Seventh Circuit Court of Appeals has filled the gap left by the Supreme Court's restraint.  In *Suggs v. United States*, 705 F.3d 279 (7th Cir.), *cert. denied*, 133 S. Ct. 2339 (2013), the Court of Appeals held that, where a successful § 2255 motion results in a resentencing, a subsequent § 2255 motion challenging the original conviction (not the new sentence) is a second or successive motion.  *Id.* at 280-81, 282 (citing *Dahler v. United States*, 259 F.3d 763 (7th Cir. 2001)).

B.      Custody

The Government argues in its filing that the Court lacks jurisdiction to hear Deutsch's petition because he is no longer serving his term of incarceration. He is now on supervised release. A § 2255 motion may only be brought by "[a] prisoner in custody under sentence of a court established by Act of Congress." 28 U.S.C. § 2255(a). Courts have interpreted this custody requirement to mean the petitioner must have significant restraints on his personal liberty, but not necessarily that he be incarcerated. *Virsnieks v. Smith*, 521 F.3d 707, 717-18 (7th Cir. 2008). Supervised release imposes sufficient restraints to be considered a form of custody sufficient to allow a petitioner to bring a § 2255 motion. *See Clarke v. United States*, 703 F.3d 1098, 1101 (7th Cir. 2013). Therefore, Deutsch may file his § 2255 motion at this time.

Having determined the Court has jurisdiction to hear the pending § 2255 motion, the Court turns to the merits of that motion.

**II.**    **Initial Consideration**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to § 2255 relief from the Court's order of restitution.

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 2830 (2014)),

*cert. denied*, 83 U.S.L.W. 3743 (Mar. 23, 2015). A restitution order does not present the type of serious error cognizable in a § 2255 proceeding. *United States v. Sloan*, 505 F.3d 685, 697 (7th Cir. 2007); *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997). The Court therefore rejects Deutsch's challenges to his restitution and will only consider further his challenge to the loss figure that drove his term of imprisonment.

### III.   Government Response to § 2255 Motion

Deutsch asks the Court to grant him default judgment because the Government failed to reply to his response to the Court's show cause order in a timely manner (Doc. 15). As a preliminary matter, the Court did not order the Government to reply to Deutsch's response. Reply briefs are not mandatory and are expected only if an opposing party wants to respond to something in the response brief. That is why the Court "ordered" Deutsch to respond but only stated that the Government "shall have" time to reply (Doc. 4). As for the Government's timeliness, with one exception, the Government requested an extension of time within the time originally provided for its reply, and the Court granted that extension. With respect to the one late request for an extension, the Court granted it, and the delay was not so serious as to warrant entry of judgment for Deutsch. Finally, it may have appeared to Deutsch that the Government's reply was late because he did not receive it after it was mailed. That was likely a post office mail delivery problem, but the Government cured that problem by resending its reply to Deutsch. For these reasons, the Court finds default is not warranted and **DENIES** Deutsch's motion for default judgment (Doc. 15).

In light of the foregoing, the Court finds it has jurisdiction to hear the pending § 2255 motion, rejects Deutsch's challenge to his restitution order, and **ORDERS** the Government to file a response to the petitioner's § 2255 motion challenging his new sentence within **THIRTY DAYS**

of the date this order is entered. The Government shall, as part of its response, attach all relevant portions of the record in the underlying criminal case. The Petitioner shall have **FOURTEEN DAYS** to reply to the Government's response.

**IT IS SO ORDERED.**
**DATED: April 21, 2015**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**